UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br>        Plaintiff,<br>v.<br><br> YOEL HERRERA, and CALIFORNIA<br>NIGHT CLUB, INC.,<br>*dba Attika Night Club,*<br>            Defendant(s). | Case No.<br><br><br>**COMPLAINT** |

PLAINTIFF ALLEGES:

<u>JURISDICTION</u>

1.   Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. 553 *et seq,* and Massachusetts General Laws Chapter 93A Section 11.

2.   This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331 as this civil action arises under the Constitution, laws, or treaties, of the United States.

3.   This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.  The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the Commonwealth of Massachusetts as more particularly set forth below.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Massachusetts, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the Commonwealth of Massachusetts (28 U.S.C. § 1391 (b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Eastern Division of the District of Massachusetts is proper because a substantial part of the events or omissions giving rise to the claim occurred in Essex County and/or the District Court for the District of Massachusetts has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, G & G CLOSED CIRCUIT EVENTS, LLC is, and at all relevant times mentioned was, a California limited liability company with its principal place of business located at 2380 South Bascom Avenue, Ste. 200, Campbell, California.

7. Defendant YOEL HERRERA is a natural person who, on information and belief, resides at 116 Thoreau Way Lawrence, Massachusetts and is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Attika Night Club operating at One Mill Street, Lawrence, Massachusetts.

8. Defendant CALIFORNIA NIGHT CLUB, INC, is a domestic corporation and an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Attika Night Club operating at One Mill Street, Lawrence, Massachusetts.

<u>COUNT I</u>
(Violation of Title 47 U.S.C. Section 605)

9.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10.    Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program,* telecast nationwide on September 16, 2017 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

11.    Pursuant to contract, Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Massachusetts, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

12.    As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

13.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendants and/or their agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Lawrence, Massachusetts located at One Mill Street.

14.    Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

15. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto).

16. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

17. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff has a private right of action pursuant to Title 47 U.S.C. Section 605.

18. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff is entitled to the following from each Defendant:

> (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 USC Section 605(e)(3)(C)(i)(II) against the Defendants and each of them; and
>
> (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 USC Section 605(e)(3)(C)(ii) against the Defendants, and each of them; and
>
> (c) Full costs, including reasonable attorneys' fees, pursuant to Title 47 USC Section 605(e)(3)(B)(iii) against the Defendants, and each of them.

WHEREFORE, Plaintiff prays for judgment as set forth below.

<u>COUNT II</u>
(Violation of Title 47 U.S.C. Section 553)

19. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

21. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

22.  By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC has the private right of action pursuant to Title 47 U.S.C. Section 553.

23.  As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff is entitled to the following from each Defendant:

(a) Statutory damages in an amount to $10,000.00 pursuant to Title 47 USC Section 553(c)(3)(A)(ii) against the Defendants, and each of them; and

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 USC Section 553(c)(3)(B) against the Defendants, and each of them; and

(c) Full costs, including reasonable attorneys' fees, pursuant to Title 47 USC Section 553 (c)(2)(C) against the Defendants, and each of them.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT III
(Conversion)

24.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-23, inclusive, as though set forth herein at length.

25.  By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT IV
(Violation of Massachusetts General Laws Chapter 93A Sections 2 and 11)

26.     Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-25, inclusive, as set forth herein at length.

27.     At all relevant times, Plaintiff and Defendants were engaged in trade or commerce.  Plaintiff was engaged in the exclusive commercial domestic distribution of the televised fight *Program*. Defendants were engaged in the ownership, operation, and/or management of Attika Night Club.

28.     Plaintiff, the exclusive commercial distributor of the *Program*, did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

29.     Defendants and/or their agents, servants, workmen, or employees engaged in unfair or deceptive acts or practices in violation of Mass. Gen. Laws c.93A §§ 2 and 11, by unlawfully intercepting, receiving, publishing, divulging, displaying, and/or exhibiting the *Program* at the real time transmission of the *Program's* broadcast at their respective commercial establishments, without regard whatsoever for the intellectual property rights of the Plaintiff, as more particularly indicated and identified above.

30.     Defendants' conduct complained of occurred primarily and substantially in Massachusetts.

31.     Defendants willfully or knowingly violated Mass. Gen. Laws c.93A §2.

32.     As a result of Defendants' unfair and deceptive business practices, Plaintiff has suffered a loss of money or property.

33.     Plaintiff is entitled to multiple damages and attorneys' fees and costs pursuant to Chapter 93A, plus interest.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

Plaintiff hereby requests judgment in its favor and against the Defendants as follows:

**As to the First Count:**

1.     Statutory damages for each violation in the amount of $110,000.00 against the Defendants and each of them; and

2.      Full costs, including reasonable attorneys' fees, against the Defendants, and each of them; and

3.      Such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.      Statutory damages for each violation in the amount of $60,000.00 against the Defendants, and each of them; and

2.      Full costs, including reasonable attorneys' fees, against the Defendants, and each of them; and

3.      Such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.      Damages in an amount according to proof against the Defendants, and each of them, and;

2.      Costs of suit, and interest, and

3.      Such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1.      Damages in an amount according to proof against the Defendants, and each of them; and

2.      Multiples damages; and

3.      Costs of suit, interest, and reasonable attorneys' fees; and

4.      Such other and further relief as this Honorable Court may deem just and proper.

Plaintiff G & G Closed Circuit Events, LLC

Dated: September 14, 2020

By: */s/ Patricia A. Szumowski*
Patricia A. Szumowski BBO #653839
Attorney for Plaintiff
SZUMOWSKI LAW, P.C.
417 West St., Ste. 104
P.O. Box 2537
Amherst, MA 01004
Telephone: (413) 835-0956
Fax (866) 242-2902
pas@szumowskilaw.com